UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CARLOS GARCIA CAVAZOS,<br><br>    *Plaintiff*,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§   Civil Action No.  SA-14-CV-1116-XR<br>§<br>§<br>§<br>§ |

**SHOW CAUSE ORDER**

On this date, the Court considered its jurisdiction over this removed case.  Defendant Costco Wholesale Corporation removed this case on December 19, 2014 on the basis of diversity jurisdiction. This Court has a duty to examine its subject matter jurisdiction *sua sponte*.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Property and Cas. Insurance. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).  The Court refers first to the state court petition to determine the amount in controversy.  *See St. Paul Reinsurance Co. Limited. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998).  "Where, as here, the petition does not include a specific monetary demand, [the removing party] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively,

1

(2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. *Id.*

Plaintiff's petition asserts a claim for premises liability. Texas Rule of Civil Procedure 47 was recently amended to require a plaintiff to state that the party seeks: (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or (2) monetary relief of $100,000 or less and non-monetary relief; or (3) monetary relief over $100,000 but not more than $200,000; or (4) monetary relief over $200,000 but not more than $1,000,000; or (5) monetary relief over $1,000,000. Tex. R. Civ. P. 47. In the Original Petition, Plaintiff alleged in Paragraph 9, "Plaintiff is seeking only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Thus, Rule 169 relating to expedited actions shall apply in this case." *See* TEX. R. CIV. P. 169 ("The expedited actions process in this rule applies to a suit in which all claimants, other than counter-claimants, affirmatively plead that they seek only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.").

Defendant Costco filed special exceptions on the basis that "Paragraph 9 of Plaintiff's Original Petition ... fails to specify the maximum amount of damages claimed" and requested "the court order Plaintiff to plead the maximum amount of damages claimed" pursuant to Texas Rule of Civil Procedure 47. Plaintiff then filed an Amended Petition that added Paragraph 10, which states, "Based upon Defendant's special exceptions, Plaintiff is seeking a maximum amount of damages of $100,000."

Defendant asserts that the amended petition establishes on its face that the amount in

controversy exceeds $75,000. This Court has previously held, and Defendant acknowledges, that pleading under Rule 47 and Rule 169 that a plaintiff seeks monetary relief "of $100,000 or less" does not establish that the amount in controversy exceeds $75,000. As this Court previously held,

> Plaintiff's invocation of Rule 169 does not establish that the amount in controversy is $100,000 or otherwise exceeds $75,000; it establishes only that *all* of Plaintiffs' damages, taken together, do not exceed $100,000. *See* TEX. R. CIV. P. 169(b) ("In no event may a party who prosecutes a suit under this rule recover a judgment in excess of $100,000, excluding post-judgment interest."). Logically, Plaintiff's allegation does nothing more than establish that she seeks damages between $1 and $100,000. Therefore, Defendant must still demonstrate that the amount in controversy exceeds $75,000.

*Barreras v. Wal-Mart Stores, Inc.*, No. SA-13-CV-960, 2013 WL 6385032 (W.D. Tex. Dec. 6, 2013).

The fact that Plaintiff rephrased the assertion that he seeks "$100,000 or less" to state that he seeks "a maximum of $100,000" does not change the analysis. He is simply saying the same thing, worded differently. Either phrasing indicates that Plaintiff *may be* seeking $100,000, but it is equally possible that he *may be* seeking $50,000 or $10,000. All we know is that he seeks less than $100,000. While a statement that a plaintiff seeks a maximum of $75,000 would be dispositive of the amount in controversy issue because it rules out a conclusion that the amount in controversy exceeds $75,000, a statement that a plaintiff seeks a maximum of $100,000 does not establish by a preponderance of the evidence that a plaintiff is actually seeking $100,000 or somewhere between $75,000 or $100,000. Therefore, the inclusion of this statement in Plaintiff's Amended Petition does not satisfy Defendant's burden to establish that the amount in controversy exceeds $75,000.

The Fifth Circuit has generally held that when the petition alleges extensive injuries, it may be facially apparent that the amount in controversy exceeds $75,000. *See Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294-95 (5th Cir. 2011). In contrast, where the petition describes injuries and

damages inadequately and without specificity, it will generally not be facially apparent. *See Simon v. Wal-Mart*, 193 F.3d 848, 851 (5th Cir. 1999). The Court concludes that it is not facially apparent that the amount in controversy in this case exceeds $75,000. The petition alleges that "Defendant negligently allowed items to remain in the walkway of its store located in San Antonio, Texas causing Plaintiff to trip over said items injuring him." There is no description of the nature or severity of the injury. Although the petition seeks "past and future pain and suffering" and "past and future medical expenses," there is no indication of the potential magnitude of these damages. Thus, Costco must rely on "facts in controversy" or summary-judgment type evidence to establish that the jurisdictional threshold is met.

The Court therefore directs Costco to submit further evidence, if any, and briefing concerning whether the amount in controversy exceeded $75,000 at the time of removal. Such evidence and briefing shall be due by **January 19, 2015.** Plaintiff may also, but is not required to, submit briefing regarding the amount in controversy by that date. This Order addresses defects in subject-matter jurisdiction only, and it does not relieve Plaintiff of his obligation to raise any procedural defects in removal within the thirty-day timeline prescribed by § 1447(c), should he desire to seek remand on the basis of a procedural defect.

It is so ORDERED.

SIGNED this 23rd day of December, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE